ARCHER & GREINER, P.C.
1211 Avenue of the Americas
New York, New York 10036
Gerard DiConza
Lance A. Schildkraut
Tel: (212) 682-4940
Email*:* gdiconza@archerlaw.com
       lschildkraut@archerlaw.com

*Co-Counsel for the Chapter 7 Trustee, Angela Tese-Milner*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

In re

FLYWHEEL SPORTS PARENT, INC., *et al.*,

                        Debtors.

Chapter 7
Case Nos. 20-12157 (JLG)

(Jointly Administered)

-----------------------------------------------------------------x

ANGELA TESE-MILNER, AS CHAPTER 7
TRUSTEE FOR FLYWHEEL SPORTS, INC.,

                        Plaintiff,

      -against-

NEW TECH MECHANICAL SYSTEMS, INC.,

                        Defendant.

Adv. Pro. No. 22-_____(JLG)

-----------------------------------------------------------------x

## **COMPLAINT**

Angela Tese-Milner, as Chapter 7 Trustee ("**Plaintiff**") of the estate of Flywheel Sports, Inc. ("**Flywheel Sports**"), by and through her undersigned counsel, alleges as follows:

### **Preliminary Statement**

1. This is an action to avoid preferential transfers, fraudulent transfers and/or improper post-petition transfers made by Flywheel Sports to and/or for the benefit of New Tech Mechanical Systems, Inc. ("**Defendant**"), and to recover the amount of such transfers from Defendant.

**Jurisdiction**

2. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.

3. The statutory predicates for the relief requested in this adversary proceeding are sections 502(d), 544, 547, 548, 549 and 550 of the Bankruptcy Code and applicable New York Debtor and Creditor Law.

4. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

5. This district is the proper venue for this proceeding pursuant to 28 U.S.C. § 1409.

6. Plaintiff consents to entry of final orders by this Court.

**Parties**

7. On September 14, 2020 (the "**Petition Date**"), Flywheel Sports and its parent, Flywheel Sports Parent, Inc. and various affiliates (collectively, the "**Debtors**") each filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

8. Plaintiff was thereafter appointed the chapter 7 trustee of the Debtors' bankruptcy estates.

9. Plaintiff is an individual, a citizen and resident of the State of New York.

10. Prior to the Petition Date, the Debtors operated spin cycling boutiques and studios in approximately forty locations throughout the United States.

11. Prior to the closure of their studios in March 2020, the Debtors were the second largest spin bike operators in the United States.

12. Defendant is a business entity residing in and/or conducting business in the United States.

13. Upon information and belief, Defendant is headquartered at 25A Moffitt Boulevard, Bay Shore, New York 11706.

## The Transfers

14. On or within ninety (90) days before the Petition Date, Flywheel Sports transferred, in whole or part, at least **$95,000** (the "**Transfers**") to Defendant on account of an antecedent debt or antecedent debts due and owing by certain Debtors. A schedule of the Transfers made by Flywheel Sports to the Defendant is attached hereto as **Schedule A** and incorporated by reference.

## Claims for Relief

## Count I

**(Avoidance and Recovery of Preferential
Transfers Under 11 U.S.C. §§ 547 and 550)**

15. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs hereof as if they were completely set forth herein.

16. Under section 547(b) of the Bankruptcy Code, Plaintiff may avoid any transfer of an interest of a debtor in property -- (1) to or for the benefit of a creditor; (2) for or on account of an antecedent debt owed by a debtor before such transfer was made; (3) made while the debtor was insolvent; (4) made -- (A) on or within 90 days before the date of the filing of the petition; or between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and (5) that enables such creditor to receive more than such creditor would receive if -- (A) the case were a case under chapter 7 of this title; (B) the transfer had not been made; and (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

17. Each Transfer was made from Flywheel Sports, and constituted transfers of an interest in property of Flywheel Sports, a Debtor herein.

18. At the time the Transfers were made, the Defendant was a creditor of one or

3

more of the Debtors by virtue of supplying goods and/or services to the Debtors for which the Debtors were obligated to contractually pay.

19. The Transfers were made directly to or for the benefit of the Defendant.

20. The Debtors were insolvent within the meaning of section 547(b)(3) of the Bankruptcy Code at the time the Transfers were made.

21. The Transfers enabled the Defendant to receive more value than they would have received (i) through the Debtors' chapter 7 cases; (ii) had the Transfers not been made; and (iii) if the Defendants had received payment on account of the debts to the extent provided by the Bankruptcy Code.

22. The Transfers are an avoidable preference pursuant to section 547(b) of the Bankruptcy Code.

23. To the extent that the Transfers are avoided, Plaintiff, on behalf of Flywheel Sports, may recover the Transfers, or the value of the transferred property, from the Defendant pursuant to section 550(a) of the Bankruptcy Code.

24. Under 11 U.S.C. § 550(a), "[e]xcept as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from--

> (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or
> (2) any immediate or mediate transferee of such initial transferee.

25. Flywheel Sports has been damaged in, and the Plaintiff seeks, an amount equal to the dollar value of the Transfers, or the value of the transferred property, together with interest, attorneys' fees, costs of suit and collection allowable bylaw.

4

26. Prior to filing this Complaint, Plaintiff performed her own due diligence evaluation of the reasonably knowable affirmative defenses available to Defendant.

27. Plaintiff and her professional advisors reviewed the Debtors' books and records to determine whether certain pre-petition transfers qualified as preferential or fraudulent transfers. Plaintiff reviewed, *inter alia*, the Debtors' Schedules, available books and records of the Debtors, proofs of claim filed by the Debtors' creditors, and any other reasonably available information. Based thereon, Plaintiff has determined that she may avoid the Transfers, or a portion thereof, even after consideration of any statutory defenses available under section 547(c) the Bankruptcy Code.

28. Pursuant to section 547(g), Defendant bears the ultimate burden of proof on any affirmative defense to the Transfers. Plaintiff does not concede the validity of any defense, reserves all rights in connection therewith and leaves Defendant to its burden.

## Count II

**(Avoidance and Recovery of Fraudulent Transfers
Under 11 U.S.C. §§ 544, 548 and 550))**

29. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs hereof as if they were completely set forth herein.

30. Under 11 U.S.C. § 544(b)(l), "[e]xcept as provided in paragraph (2), the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title." The phrase "under applicable law" has been interpreted to mean the state fraudulent transfer law that would govern the potentially fraudulent transaction.

31. Under 11 U.S.C. § 548, the Trustee may avoid any transfer that was made or incurred within one year before the date of the filing of a bankruptcy petition, if the debtor voluntarily or involuntarily (A) made such transfer or incurred such obligation with actual intent to hinder, delay or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or (B)(i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and (ii)(I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation; (II) was engaged in business or a transaction, or was about to engage in business or a transaction for which any property remaining with the debtor was an unreasonably small capital; or (III) intended to incur, or believed that the debtor would incur, debts that would be beyond such debtor's ability to pay as such debts matured.

32. To the extent that Flywheel Sports was not obligated on the indebtedness paid by any of the Transfers, Flywheel Sports did not receive reasonably equivalent value in exchange for such Transfers.

33. The Transfer for which Flywheel Sports did not receive reasonably equivalent value is an avoidable fraudulent transfer under section 548 of the Bankruptcy Code and section 544 of the Bankruptcy Code and applicable non-bankruptcy fraudulent transfer law.

34. Flywheel Sports has been damaged in, and the Plaintiff seeks an amount equal to the dollar value of the Transfers, or the value of the transferred property, together with interest, attorneys' fees, costs of suit and collection allowable by law.

35. To the extent that any Transfer referenced above is avoided, Plaintiff on

behalf of Flywheel Sports, may recover the transferred property, or the value of the transferred property, from the Defendant pursuant to section 550(a) of the Bankruptcy Code.

36. The Transfers were made by Flywheel Sports, a Debtor herein, to or for the benefit of Defendant.

37. Each of the Transfers was made within one year prior to the Petition Date and was a transfer of an interest in property of Flywheel Sports, a Debtor herein, in that they were transfers of funds or other property owned by Flywheel Sports.

38. There is at least one creditor of the Flywheel Sports estate with an allowable claim that was a creditor of Flywheel Sports as of the time each of the Transfers were made that is still a creditor of Flywheel Sports.

39. Flywheel Sports received no benefit, less than fair consideration and less than reasonably equivalent value for the Transfers.

40. Flywheel Sports (a) was a judgment debtor on the date each of the Transfers were made; (b) was insolvent on the date each of the Transfers were made, or became insolvent as a result of the transfer; or (c) intended to incur, or believed that Flywheel Sports would incur, debts that would be beyond Flywheel Sports' ability to pay as such debts matured.

41. By reason of the foregoing, the Transfers to Defendant constitute constructive fraudulent transfers pursuant to New York Debtor and Creditor Law sections 273, 273-a, 274 and 275, as made applicable herein by Bankruptcy Code section 544(b) and, in accordance with section 550(a) of the Bankruptcy Code, Plaintiff may recover from Defendant the full amount of the Transfers, plus interest.

42. By reason of the foregoing, Defendant is liable to the Plaintiff in an amount that is no less than the amount of the Transfers, plus interest.

43. The Transfers constitute avoidable fraudulent transfers pursuant to Bankruptcy Code section 548(a)(1)(B) and, in accordance with section 550(a) of the Bankruptcy Code, Plaintiff may recover from Defendant the full amount of the Transfers, plus interest.

44. In accordance with section 550(a) of the Bankruptcy Code, Plaintiff is entitled to recover, for the benefit of the estate, the value of the property transferred.

## COUNT III

**(Avoidance and Recovery of Postpetition Transfers
Under 11 U.S.C. §§ 549 and 550)**

45. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs hereof as if they were completely set forth herein.

46. Pursuant to 11 U.S.C. § 549, the trustee may avoid a transfer of property of the estate – (1) that occurs after the commencement of the case; and (2)(A) that is authorized only under section 303(f) or 542(c) of the Bankruptcy Code; or (B) that is not authorized under the Bankruptcy Code or by the Court.

47. To the extent that any of the Transfers cleared Flywheel Sports' bank on or after the Petition Date (each a "**Postpetition Clearance Payment**"), such transfer constitutes a postpetition transfer that is avoidable pursuant to section 549 of the Bankruptcy Code.

48. Any Postpetition Clearance Payment is avoidable under section 549 of the Bankruptcy Code because:

   a. the Postpetition Clearance Payment was made after the commencement of the Debtors' chapter 11 cases, and

   b. the Postpetition Clearance Payment was not authorized under the Bankruptcy Code or by this Court.

49. This is not an involuntary case under section 303 of the Bankruptcy Code.

50. The Defendant is not a good faith purchasers of real property without knowledge of the case.

51. Flywheel Sports has been damaged in, and the Plaintiff seeks, an amount equal to the dollar value of any Postpetition Clearance Payment, or the value of the transferred property, together with interest, attorneys' fees, costs of suit and collection allowable by law.

52. To the extent that any Postpetition Clearance Payment is avoided, the Plaintiff on behalf of Flywheel Sports, may recover the transferred property, or the value of the transferred property, from the Defendant pursuant to section 550(a) of the Bankruptcy Code.

## COUNT IV

### (Disallowance of all Claims – 11 U.S.C. § 502(d))

53. Plaintiff repeats and realleges the allegations in the preceding paragraphs of this Complaint as if fully set forth herein.

54. The Defendant is a transferee of the Transfers under sections 547 or 548 of the Bankruptcy Code, which property is recoverable under section 550 of the Bankruptcy Code.

55. Defendant has not paid the amount of the Transfers, or turned over such property, for which Defendants are liable under 11 U.S.C. § 550.

56. Pursuant to 11 U.S.C. § 502(d), any and all claims of Defendant and/or its assignee, against the Flywheel Sports' estate must be disallowed until such time as the Defendant pays to the Plaintiff an amount equal to the aggregate amount of the Transfers, plus interest thereon and costs.

## RESERVATION OF RIGHTS

57. During the course of this proceeding, Plaintiff may learn through discovery or

otherwise of additional transfers made to the Defendant that may be avoidable under other provisions of the Bankruptcy Code.  It is Plaintiff's intention to avoid and recover all avoidable transfers of property made by the Debtors to or for the benefit of the Defendant or any other transferee.  Plaintiff reserves her rights to amend this original Complaint to include: (i) further information regarding the Transfers, (ii) additional transfers, (iii) modifications of and/or revisions to the Defendant's name, (iv) additional defendants, and/or (v) additional causes of action, if applicable (collectively, the "<u>Amendments</u>"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

## **CONCLUSION**

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor as follows:

(a) As to Count I, enter judgment against the Defendant (i) avoiding the Transfers pursuant to sections 547 and 550 of the Bankruptcy Code; (ii) awarding judgment in favor of the Plaintiff on behalf of Flywheel Sports and against the Defendant in the amount of the avoided Transfers, plus pre- and post-judgment interest and attorneys' fees and costs, as appropriate; (iii) disallowing, in accordance with section 502(d) of the Bankruptcy Code, any payment or claim held by the Defendant; and (iv) granting such relief as the Court deems just and equitable;

(b) As to Count II, that the Court enter judgment against the Defendants (i) avoiding the Transfers pursuant to sections 544, 548 and 550 of the Bankruptcy Code; (ii) awarding judgment in favor of the Plaintiff, on behalf of Flywheel Sports, and against the Defendant in the amount of the avoided Transfers, plus pre- and post-judgment interest and

attorneys' fees and costs, as appropriate; (iii) disallowing, in accordance with section 502(d) of the Bankruptcy Code, any payment or claim held by the Defendant; and (iv) granting such relief as the Court deems just and equitable;

(c) As to Count III, that the Court enter judgment against the Defendant (i) avoiding any Postpetition Clearance Payment pursuant to sections 549 and 550 of the Bankruptcy Code; (ii) awarding judgment in favor of the Plaintiff, on behalf of Flywheel Sports, and against the Defendant in the amount of any Postpetition Clearance Payment, plus pre- and post-judgment interest and attorneys' fees and costs, as appropriate; (iii) disallowing, in accordance with section 502(d) of the Bankruptcy Code, any payment or claim held by the Defendant; and (iv) granting such relief as the Court deems just and equitable;

(d) As to Count IV, that the Court enter judgment disallowing any claims held by Defendant against the Flywheel Sports' estates until Defendant returns the Transfers to Plaintiff pursuant to 11 U.S.C. § 502(d); and

(e) Granting Plaintiff such other and further relief as is just and proper.

Dated: June 16, 2022
New York, New York

ARCHER & GREINER, P.C.

By: /s/ Gerard DiConza
Gerard DiConza
1211 Avenue of the Americas
New York, New York 10036
Tel: (212) 682-4940
Email: gdiconza@archerlaw.com

*Co-Counsel for the Chapter 7 Trustee, Angela Tese-Milner*

## SCHEDULE A

### Transfers

| Transfer Recipient | Amount | Check No. | Payment Clear Date |
|---|---|---|---|
| New Tech Mechanical Systems, Inc. | $20,000.00 | Wire | 7/15/2020 |
| New Tech Mechanical Systems, Inc. | $75,000.00 | Wire | 8/11/2020 |
| Total: | **$95,000.00** | | |